**Radcliffe Bancroft LEWIS, Appellant**

v.

**Truman A. MORRISON, III, Senior Judge and Other Senior Judges, and others unknown and unidentified, Appellees.**

**No. 12–7014.**

United States Court of Appeals, District of Columbia Circuit.

May 24, 2012.

Rehearing En Banc Denied July 6, 2012.

Radcliffe Bancroft Lewis US, pro se.

Donna M. Murasky, Esquire, Deputy Solicitor, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Appellees.

BEFORE: SENTELLE, Chief Judge, and ROGERS and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed January 6, 2012, be affirmed. The district court properly dismissed the petition for a writ of habeas corpus, because even if petitioner was in custody at the time he filed the petition, the petition is now moot. *See Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C.Cir.2006) (" '[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot . . . .' ") (quoting *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir.2004) (emphasis in original)). To the extent petitioner seeks a "writ of habeas data" and "writ of habeas amparo," petitioner has identified no legal authority for such relief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.